# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0737** (Jefferson County CC-19-2016-F-132)

**Donna Elizabeth Weed,**
**Defendant Below, Petitioner**

**FILED**
**September 23, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donna Elizabeth Weed, by counsel Robert E. Barrat, appeals the July 8, 2019, order of the Circuit Court of Jefferson County sentencing her to an indeterminate one-to-five-year term of incarceration, which was suspended for probation, and three years of supervised release for a felony conviction of child neglect creating a risk of injury. The State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in extending her probationary term in order for her to participate in drug court.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, petitioner was sentenced to an indeterminate one-to-five-year term of incarceration for one count of child neglect creating substantial risk of injury, a felony. Her sentence was suspended for three years of probation. Additionally, petitioner was sentenced to three years of supervised release pursuant to West Virginia Code § 62-12-26.

In June of 2019, in response to a motion to revoke her probation, petitioner admitted to testing positive for illegal substances on two different occasions in March and May of 2019, which

---

[1]References to "drug court" in this memorandum decision refer to the supervision programs set forth in the "West Virginia Drug Offender Accountability and Treatment Act." *See* W. Va. Code §§ 62-51-1, et seq.

1

was in violation of the terms of her probation.[2] Accordingly, the circuit court revoked petitioner's probation. The State moved to reinstate petitioner's probation, add a requirement that she complete the drug court program, and extend the term of her probation by three years. Petitioner agreed to participate in drug court as a term of her probation, but argued that she could complete the program during her supervised release and that adding additional years of probation was unnecessary. Ultimately, the circuit court reinstated petitioner's probation and extended it for two years, with an added condition that she complete the drug court program. The court further ordered that petitioner be subject to three years of supervised release, as previously ordered. The circuit court's decision was memorialized by its July 8, 2019, sentencing order. Petitioner now appeals that order.

On appeal, petitioner argues that the circuit court erred in extending her term of probation because the extension was unnecessary and excessive. Petitioner correctly notes that, pursuant to West Virginia Code § 62-12-26, persons subject to supervised release "shall be subject to any or all of the conditions applicable to a person placed upon probation." She avers that she could have participated in the drug court program while serving her three-year term of supervised release and, therefore, the extension of her probation was unnecessary. Petitioner argues that without intervention she would be subject to "endless probation." We find petitioner is entitled to no relief on appeal.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Here, petitioner does not argue that her sentence is outside the bounds of statutory limits or based on some impermissible factor. Rather, petitioner's indeterminate one-to-five-year term of incarceration is the sentence prescribed by West Virginia Code § 61-8D-4(c).[3] Further, contrary to petitioner's argument that she is potentially subject to "endless probation," West Virginia Code § 62-12-11 requires that "[t]he period of probation together with any extension thereof shall not exceed seven years." The circuit court has not violated any statutory commands by imposing a total of five years of probation thus far. Accordingly, the sentence imposed by the circuit court is not subject to appellate review.

For the foregoing reasons, the circuit court's July 8, 2018, sentencing order is hereby affirmed.

---

[2]Notably, petitioner was sanctioned for a probation violation in November of 2018. However, the circumstances of that violation are unclear from the record.

[3]West Virginia Code §61-8D-4(c) provides

> If a parent, guardian or custodian grossly neglects a child and by that gross neglect creates a substantial risk of death or serious bodily injury . . . of the child then the parent, guardian or custodian is guilty of a felony and, upon conviction thereof, shall be . . . imprisoned in a state correctional facility for not less than one nor more than five years[.]

2

Affirmed.

**ISSUED**: September 23, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison